## LYMAN LUMBARD *versus* J. N. ALDRICH.

In tracing the title to real estate through a corporation, it is necessary to prove by an act of incorporation, or in some other way, the existence of the corporation.

THIS was a writ of entry brought to recover a tract of land in Colebrook.

The cause was tried in the court of common pleas, at May term, 1833, upon the general issue, when it appeared in evidence, that one John Smith, was in possession of the demanded premises in the year 1816, and remained in possession until the time of the extent hereinafter mentioned.

Robert Rogers having obtained a judgment and execution against the said John Smith, caused the same to be duly extended upon the demanded premises on the 28th November, 1828.

The demandant gave in evidence a deed, made by Robert Rogers, dated October 10, 1829, purporting to convey the same premises to the " manufacturers and mechanicks bank of Boston, in the state of Massachusetts."

He also gave in evidence a copy of a vote of the directors of the manufacturers and mechanicks bank of the city of Boston, passed on the 2d November, 1829, authorizing the president of the bank to convey two tracts of land in Colebrook, belonging to the bank, one to L. Lumbard, and the other to J. M. Hilliard. But neither the lot to be conveyed to Lumbard, nor the lot to be conveyed to Hilliard, was in any way designated.

He then gave in evidence a deed of the " manufacturers and mechanicks bank," executed by Henry Jaques, the president, which purported to convey the demanded premises to Lyman Lumbard.

It was objected, on the part of the tenant, that it did not appear that the manufacturers and mechanicks bank was a body corporate, capable in law of taking and conveying real estate ; but the objection was overruled, and a verdict taken by consent for the demandant, subject to the opinion of this court upon that point.

*Bell*, for the demandant.

*Young*, for the tenant.

*By the court.* We are of opinion that the evidence, in this case, was not sufficient to sustain their verdict. It did not appear that the manufacturers and mechanicks bank was a corporation.

In tracing a title to real estate through an individual, proof of the existence of the individual is always in fact given. The execution of the deed by him is proved by the subscribing witnesses who saw it signed and delivered ; or the hand writing of the subscribing witnesses, in case of their death, or absence, is proved, which is evidence of the fact that they saw the grantor execute the instrument ; or a record of an acknowledgment of the instrument before a proper magistrate by the grantor is produ-

Lumbard,<br>v.<br>Aldrich.

ced. In general nothing less than this is received in evidence in such a case.

In the case of a corporation the act of incorporation should be produced, or it should be shown in some way that the body whose deed is offered in evidence is a body politick, which can take and convey real estate. In this case there was no competent evidence that the manufacturer's and mechanick's bank was a corporation, and the verdict must be set aside, and

*A new trial granted.*